DORIS JENSEN, as Administratrix, etc., of FREDERICK J. JENSEN, Deceased, Respondent, v. SOUTH BROOKLYN RAILWAY COMPANY, Appellant.— There was evidence which justified the jury in finding the defendant negligent. The train was driven at a high rate of speed through the locality where plaintiff's intestate was killed. The motorman failed to see decedent until

he was within about thirty-five feet from him. Although warned by yellow flags to proceed slowly and with caution, he paid no attention to the caution and gave no warning, by whistle or otherwise, of his approach until too late. The failure to see the decedent, who was evidently near the track and in plain view, and to give warning of the approach of the train, permitted the finding of negligence in its operation. The burden of establishing contributory negligence rested upon defendant. The decedent was lawfully on the bed of the street in performance of his duties. When first seen by the engineer and the conductor, he stood with his back to the approaching train in a place of safety between the two tracks. The train approached swiftly, its noise smothered by the din of the riveting hammers on the structure overhead; so that neither of plaintiff's witnesses, who stood within a few feet of the track, heard the noise of its approach, and the inference is irresistible that it was not heard by decedent. Suddenly, when the train was within thirty-five feet of decedent, the whistle was sounded, and decedent, according to the evidence of the conductor, jumped suddenly in front of the car. If his act was the reaction to the shock of the suddenly-sounded whistle, it was not negligence. The witness evidently so thought, for he testified that decedent made a mistake. This was stricken out, apparently as an inference of the witness, but the same inference could be and evidently was drawn by the jury. Judgment affirmed, with costs. Jenks, P. J., Rich, Putnam and Blackmar, JJ., concurred; Thomas, J., dissented upon the ground that it is not the duty of the motorman of a rapidly-moving train to sound a whistle at a point so remote that it will not startle an unobserving workman who has turned his back to the train; nor does the sudden whistling of the oncoming train excuse him for his contributory negligence in jumping from a place where he knows the train is not to a place where he knows a train may come.